UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Aguilarte Astudillo,
Petitioner,

-v-

Catletti, et al.,

Respondents.

26-CV-6109 (DEH)

**ORDER FOR BOND HEARING**

DALE E. HO, United States District Judge:

Respondents concede that "*Barbosa da Cunha* [175 F.4th 61 (2d Cir. Apr. 28, 2026)], while not directly controlling, likely counsels treating Petitioner as subject to 8 U.S.C. § 1226," and that "this Court's prior decisions also lead to the conclusion that Petitioner's present detention can only be governed by 8 U.S.C. § 1226(a)." ECF No. 5 at 3. Petitioner's petition for a writ of habeas corpus is therefore **GRANTED IN PART**.

On **August 25, 2026 at 4:00 p.m**., the Court will hold an individualized bond hearing for Petitioner. *See Luciano-Jimenez v. Catletti*, et al., No. 26 Civ. 3546, 2026 WL 1831906, at *7-10 (S.D.N.Y. June 25, 2026) (ordering bond hearing before the Court in a similar posture). As Judge Liman recently explained:

> [A]lthough immigration courts have expertise with respect to immigration court precedents, "the bond hearings they have the most experience with are governed by different procedures than those required here." *Luciano-Jimenez*, 2026 WL 1831906, at *9. Moreover, "this Court also has experience conducting detention hearings where," unlike at immigration court, "the ultimate question is, as here, whether the Government has established by clear and convincing evidence that the individual presents a danger to the community." *Id*. Additionally, as the Court explained, the "direction to the immigration judge to conduct a hearing also cannot be supported by any purported efficiencies." *Id*. Here, as in *Luciano-Jiminez*, backlogs in the immigration courts have caused the Petitioner's case to drag on, and there is neither justification nor "need to add to

> this backlog by requiring IJs to divert their attention from their normal dockets to conduct additional hearings that this Court itself has the capacity to conduct." *Id*. Finally, holding the hearing in this Court would also avoid the associated time and expenses that might accompany the need of this Court "to review IJ rulings to ensure compliance with conditional habeas orders." *Id*. (citing *Mendoza*, 2026 WL 1470652, at *5).

*J.R.U. v. Genalo, et al*., No. 26 Civ. 4332, 2026 WL 1864975, at *20 (S.D.N.Y. June 29, 2026). "As for the process at that hearing, the Government must demonstrate by clear and convincing evidence that Petitioner is a risk of flight or a danger to the community, and the Court will consider alternatives to detention in assessing both flight risk and future dangerousness as well as Petitioner's ability to pay." *Id.* For the avoidance of doubt, Respondents shall produce Petitioner at the hearing.

The Court further finds that the appointment of pro bono counsel is appropriate in this case. In making this finding, the Court has considered the factors set forth in *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986), which include: "(1) whether the party's claim has substantial merit; (2) whether the nature of the factual issues requires an investigation, and whether the party's ability to investigate is inhibited; (3) whether the claim's factual issues turn on credibility, which benefits from the skills of those trained in presentation of evidence and cross examination; (4) the party's overall ability to present its case; and (5) whether the legal issues presented are complex." *Garcia v. USICE (Dept. of Homeland Sec.)*, 669 F.3d 91, 98-99 (2d Cir. 2011).

The Court finds that the *Hodge* factors weigh in favor of seeking *pro bono* counsel for Petitioner because Mr. Aguilarte Astudillo's claim has substantial merit. Moreover, the issues of Petitioner's bond raise complex legal issues that may be difficult for a pro se petitioner to adequately argue, particularly given the language barriers indicated here. Thus, in this case, representation would "lead to a quicker and more just result by sharpening the issues . . . ." *Hodge*, 802 F.2d at 61.

Accordingly, the Court respectfully directs the Clerk of Court to attempt to locate *pro bono* counsel to represent Petitioner in this case. It should be noted that the Court does not have the authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant *pro bono*. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301 (1989). There is no guarantee that a volunteer attorney will decide to take the case or that, should the services of the volunteer be declined, the court will locate another. In either instance, Petitioner should be prepared to proceed with the case *pro se*. If an attorney volunteers, the attorney will contact Petitioner, or her next friend, directly.

If Petitioner has already successfully secured counsel on his own, or otherwise does not wish the Court to seek volunteers for *pro bono* counsel, he should inform the Court as soon as possible.

The Court has established a Pro Bono Fund to encourage greater attorney representation of pro se litigants. *See* https://nysd.uscourts.gov/forms/pro-bono-fund-order.

**CONCLUSION**

The Court respectfully directs the Clerk of Court to attempt to locate *pro bono* counsel to represent Petitioner in this case. Upon appointment of pro bono counsel, the parties shall confer and submit a joint letter proposing a date for Petitioner's bond hearing.

SO ORDERED.

Dated: July 23, 2026
New York, New York

DALE E. HO
United States District Judge